UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ON SITE ENERGY COMPANY, INC., ) | |
| ) | **PLAINTIFF'S REQUESTED JURY** |
| Plaintiff, ) | **INSTRUCTION REGARDING** |
| v. ) | **FRAUD IN THE PROCUREMENT** |
| ) | **OF A TRADEMARK REGISTRATION** |
| MTU ONSITE ENERGY CORP., ) | |
| ) | |
| Defendant. ) | Case No. 2:10-cv-1671-JS-WDW |

Plaintiff submits the following instruction regarding FRAUD IN THE PROCUREMENT OF A TRADEMARK REGISTRATION, pursuant to the Court's request at the charging conference between the parties on Friday, August 3rd. Excluding only the portions regarding "Willful Blindness," Plaintiff requests that its instruction be given in its entirety. Plaintiff's instruction contains the minimum legal framework necessary for the jury to evaluate the facts that Defendant has presented to the jury, which are allegedly supposed to constitute fraud.

1. Defendant asserts Plaintiff's agent committed fraud in a 2(f) declaration. Fraud in a Trademark Registration must constitute a known lie in an express statement, and such a defense has four elements reproduced in lines 6-15 of the instruction. Support for the instruction is found in POINT #1 on page 5.

2. The jury should be told the legal reason why Plaintiff's agent's knowledge of the California Company named "Onsiteenergy" is not fraud. The "substantially exclusive" language in a 2(f) declaration excuses uses if they are either inconsequential or were infringing. Support for this instruction is found in POINT #2 on page 6.

3. Regarding the folders of material provided Plaintiff's agent by Defendant's counsel, it is has been the law for over 50 years that there is no duty to disclose facts material to the

registration proceedings to the Patent and Trademark Office, and the jury should know this as explained on page 3, lines 1-2 of the instruction.  Support for this instruction is found in POINT #3 on page 6.

4.      Regarding the company names provided Plaintiff's agent by Defendant's counsel in the enclosure letter, it is also the law that a trademark applicant has no duty to investigate such matters.  Support for this instruction is found in POINT #4 on page 7.

FRAUD IN PROCUREMENT

Defendant claims that Plaintiff obtained its service mark registration through fraud on the Patent and Trademark Office.

To succeed on this defense, Defendant must prove by clear and convincing evidence that:

1. There was in fact another user of the same or confusingly similar mark at the time the declaration was signed;

2. the other user has legal rights superior to Plaintiff's rights;

3. Plaintiff knew that the other user had rights in the mark superior to Plaintiff's, and either believed that a likelihood of confusion would result from Plaintiff's use of its mark or had no reasonable basis for believing otherwise; and

4. Plaintiff, in failing to disclose these facts to the Patent and Trademark Office, intended to procure a registration to which the Plaintiff was not entitled.

The fact that other uses of the same mark existed does not mean that the declaration was fraudulent because Plaintiff's use of the mark was not "substantially exclusive."  If such uses were either inconsequential or were infringing, there is no fraud.

Plaintiff has no duty to disclose facts material to the registration proceedings to the Patent and Trademark Office.

Plaintiff also has no duty to investigate potential conflicting marks.

**[Plaintiff objects to the addition of the instruction below, or any of its type, as such an instruction would be legally incorrect.  The Supreme Court holding in** *Global-Tech Appliances, Inc. v. SEB S.A.***, 131 S.Ct. 2060, which Defendant cites in support of such an instruction, was specifically limited to induced patent infringement under 35 U.S.C §271(b).** *Id* **at 2069.  There is no authority suggesting that a finding of willful blindness is sufficient to impute knowledge in the context of fraud in the procurement of a trademark registration.  Nevertheless, in the event the court overrules Plaintiff's objection and includes such an instruction lowering the scienter requirement from "knew" to "willful blindness," Plaintiff submits the following language regarding willful blindness vs. gross negligence / negligence for use in such an instruction, as requested by the Court:]**

You may find that the Plaintiff knew of a material fact when the applicant subjectively believed that there was a high probability that that fact existed and that the Plaintiff took deliberate actions to avoid learning of that fact.

You may not find the Plaintiff knew of a material fact when the Plaintiff merely knows of a substantial risk that that fact is true or when the Plaintiff should have known of the risk that such fact was true.

Again, to succeed on the fraud defense, Defendant needs to show fraud by clear and convincing evidence. I have already instructed you on the "clear and convincing" evidence standard.

_____
Sources:

Point 1. The Trademark Trial and Appeal Board has held that when a party claims that the application oath or a declaration in another's application for registration was signed fraudulently in that there was another legitimate use of the mark at the time of signing, the party must allege and prove particular facts which, if proven, would establish that:(1) there was in fact another use of the same or confusingly similar mark at the time the oath or declaration was signed; (2) the other user had legal rights superior to applicant's rights; (3) applicant knew that the other user had rights in the marks superior to applicant's, and either believed that a likelihood of confusion would result from applicant's use of the mark or had reasonable basis for believing otherwise; and (4) applicant, in failing to disclose these facts to the Patent and Trademark Office, intended to procure a registration to which applicant was not entitled. See *Intellimedia Sports Inc. v. Intellimedia Corp.*, 43 U.S.P.Q.2d 1203, 1205, 1997 WL 398344 (T.T.A.B. 1997) cited in McCarthy on Trademarks §31:75 and cited in *Hana Financial, Inc. v. Hana Bank*, 500 F.Supp.2d 1228, 1234 (C.D. Cal. 2007) as well as *ISP.Net, LLC v. Qwest Communications Intern., Inc.*, 2003 WL 21254430 (S.D. Ind. 2003).

Point 2. The mere fact that some other uses of the same mark existed does not mean that that a 2(f) declaration was fraudulent because applicant's use was not "substantially exclusive." If such uses were either inconsequential or were infringing, there was no fraud. *L.D Kichler Co. v. Davoil, Inc.*, 192 F.3d 1349 (Fed.Cir. 1999) cited in McCarthy on Trademarks §31:69.

Point 3. The Court of Customs and Patent Appeals (C.C.P.A.) determined 50 years ago that applicants for federal trademark registrations have no affirmative duty to disclose facts material to registration proceedings before the United States Patent and Trademark Office. *Bart Schwartz Int'l Textiles, Ltd. v. FTC*, 289 F.2d 665, 669 (C.C.P.A. 1961). The CCPA was merged into the Federal Circuit. See *S.Corp. v. United States*, 690 F.2d 1368, 1369 (Decisions of the CCPA are binding on the Federal Circuit). This is in stark contrast to the Patent Office's express requirement in the prosecution of patent applications wherein "each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes *a duty to disclose* to the Office all information known to that individual to be material to patentability as defined in this section." 37 CFR 1.56 (emphasis added).

<u>Point 4</u>. "The Trademark Board has emphasized that a trademark applicant has no duty to investigate potential conflicting marks that might be found in a trademark search and therefore there is no duty to investigate when another party might have started using a similar mark." McCarthy on Trademarks §31:77 citing *Maids to Order of Ohio, Inc. v. Maid-to-Order, Inc.*, 78 U.S.P.Q.2d 1899, 1909, 2006 WL 636993 (T.T.A.B 2006), which in turn cites *Money Store v. Harriscorp Finance, Inc.*, 689 F.2d 666, 672 (7th Cir. 1982).

                                      Respectfully submitted,

                                      <u>s/Kurt N. Jones</u>
                                      Kurt N. Jones
                                      William A. McKenna
                                      Woodard, Emhardt, Moriarty,
                                      McNett & Henry LLP
                                      111 Monument Circle, Suite 3700
                                      Indianapolis, IN  46204-5137
                                      Telephone:  317-634-3456
                                      Facsimile:  317-637-7561
                                      kjones@uspatent.com

#863216

Certificate Of Service

I hereby certify that on August 4, 2012, Plaintiff's Requested Jury Instruction Regarding Fraud in the Procurement was e-mailed to counsel below and to the Clerk of the Court and, on August 5, 2012, was further served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties:

| | | |
|---|---|---|
| Kathleen E. McCarthy<br>King & Spalding LLP<br>1185 Avenue of the Americas<br>New York, NY 10036<br>212-556-2345<br>kmccarthy@kslaw.com | Amy E. Jones<br>King & Spalding LLP<br>1180 Peachtree Street<br>Atlanta, GA 30309<br>404-572-4600<br>404-572-5170 (fax)<br>ejones@kslaw.com | Erik J. Dykema<br>King & Spalding LLP<br>1185 Avenue Of The Americas<br>New York, NY 10036<br>212-556-2100<br>212-556-2222 (fax)<br>edykema@kslaw.com |
| Yuridia Caire<br>King & Spalding<br>333 Twin Dolphin Drive<br>Suite 400<br>Redwood City, CA 94065<br>650-590-0703<br>650-590-1900 (fax) | Bruce W. Baber<br>King & Spalding LLP<br>1180 Peachtree Street<br>Atlanta, GA 30309<br>404-572-4600<br>404-572-5100 (fax)<br>bbaber@kslaw.com | David S. Desmond<br>Van Nostrand & Martin<br>P.O. Box 307<br>53 Broadway<br>Amityville, NY 11701<br>631-264-0303<br>631-264-0314 (fax)<br>daviddesmond@optonline.net |
| Linda D Kennedy<br>Rader, Fishman & Grauer PLLC<br>39533 Woodward Avenue<br>Suite 140<br>Bloomfield Hills, MI 48304<br>248-594-0600<br>248-594-0610 (fax) | Bill C. Panagos<br>Rader, Fishman & Grauer PLLC<br>39533 Woodward Ave<br>Suite 140<br>Bloomfield Hills, MI 48304<br>248-594-0600<br>248-594-0610 (fax)<br>bcp@raderfishman.com | |

s/Kurt N. Jones
Kurt N. Jones