Kathleen E. McCarthy (KM-9219)
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036-4003
Tel: (212) 556-2100
Fax: (212) 556-2222
kmccarthy@kslaw.com
Attorneys for Defendant
MTU ONSITE ENERGY CORP.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND DIVISION

| | |
|---|---|
| ON SITE ENERGY COMPANY, INC., | ) ) ) |
| Plaintiff, | ) Civil Action No. 2:10-cv-01671-JS-WDW |
| v. | ) ) |
| MTU ONSITE ENERGY CORP., | ) ) |
| Defendant. | ) ) |

**DEFENDANT MTU'S PROPOSED REVISED CHARGE ON FRAUD**

In accordance with the Court's direction during the charge conference on Friday, August 3, 2012, defendant MTU Onsite Energy Corporation ("MTU") submits the proposed revised charge to the jury on the issue of fraud in procurement that is attached as Exhibit A.

The attached proposed charge is based on the Court's August 3 draft charge regarding MTU's fraud claim, which appears at pages 39-40 of the Court's August 3 draft. Further to the discussion at the charge conference, MTU proposes that the substance of the draft charge be revised in three respects:

- To add the word "knowingly" in two places in the second paragraph of the draft charge;

- To add a paragraph to the proposed charge, based on the Supreme Court's decision in *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060 (2011), addressing the issue of willful blindness and distinguishing willful blindness from both negligence and reckless disregard; and

- To add a paragraph to the proposed charge further explaining to the jury, consistent with the decision in *In re Bose Corp.*, 580 F.3d 1240 (Fed. Cir. 2009), the "intent to deceive" element of the fraud defense.

MTU's proposed additions to the Court's draft charge are shown with underlining in the attached proposed charge. MTU's proposed deletions are shown with square brackets and strikethroughs.

For the reasons expressed during the charge conference, MTU believes that in view of the evidence of record – including the testimony of plaintiff OSE's witness Mr. Durlacher – a charge on willful blindness is both especially appropriate and necessary, particularly in light of the Supreme Court decision in *Global-Tech*. MTU's proposed charge provides a definition of "willful blindness" consistent with *Global-Tech*, which requires that a person take "deliberate action" in order to justify a finding of willful blindness. *See* 131 S.Ct. at 2070-71. MTU's proposed revised charge also includes clarifying language, based on both *Global-Tech*, 131 S.Ct. at 2070-71, and *In re Bose*, 580 F.3d at 1244-46, to the effect that neither negligence nor reckless disregard is sufficient.[1]

---

[1] MTU notes that in *In re Bose,* the Federal Circuit expressly declined to resolve the issue of whether reckless disregard would be sufficient to satisfy the intent to deceive requirement. 580 F.3d at 1246 n.2. Because that issue is unresolved, MTU does not seek a charge to the effect that reckless disregard would be sufficient.

- 2 -

MTU also agrees that it is appropriate, in view of the language of the *In re Bose* decision, to add the word "knowingly" to the second paragraph of the charge on fraud. *See* 580 F.3d at 1245 ("we hold that a trademark is obtained fraudulently under the Lanham Act only if the applicant or registrant knowingly makes a false, material representation with the intent to deceive the PTO").

Finally, MTU also believes that it is appropriate for the jury to be given additional information regarding the "intent to deceive" element of MTU's fraud claim, using language based on the Federal Circuit decision in *In re Bose*. *See* 580 F.3d at 1245 ("because direct evidence of deceptive intent is rarely available, such intent can be inferred from indirect and circumstantial evidence," *quoting Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.,* 537 F.3d 1357, 1366 (Fed. Cir. 2008)); *see also* 580 F.3d at 1246 ("Because the applicant's 'misstatements [in *Metro Traffic Control*] did not represent a "conscious effort to obtain for his business a registration to which he knew it was not entitled,"' the court affirmed the Board's ruling of no fraud.").

As is reflected in the attached proposed revised charge, MTU also suggests that the fraud issue be referred to as a "claim" rather than a defense, since MTU has asserted counterclaim based on the fraud issue. MTU therefore proposes that the word "defense" be changed to "claim" in the second and final paragraphs of the charge.

COMMENTS ON OSE'S PROPOSED REVISED CHARGE

In accordance with the Court's direction, the parties exchanged, on August 4, 2012, their respective drafts of their proposed revised charges on fraud. OSE's proposed revised charge is inappropriate for the following reasons:

First, OSE continues to rely on inapposite authorities. The fraud claim in this case does not relate to the applicant's initial application oath – yet OSE's proposed charge continues to rely on authorities and include language that relates to the application oath. *See* OSE's "Point 1" authorities. OSE also now relies on – and seeks to add to the charge language based on – additional inapposite authorities that relate to marks or uses cited in a trademark search. *See* OSE's "Point 4" authorities. There are no facts in this case that relate to such marks or uses cited in a search; the relevant facts relate to other users that were ***already known to OSE*** or that were ***specifically brought to OSE's attention*** by MTU's trademark counsel in response to OSE's cease and desist letter. OSE's proposed language regarding initial oaths and search citations is therefore irrelevant.

Second, OSE confuses the duty of disclosure applicable to patent prosecution with the governing law regarding fraud. MTU has not taken the position that the same duty of candor required of patent applicants is relevant to this case, and it is not. OSE's citation to the patent duty, *see* OSE's "Point 3" authorities, is therefore inapposite.

Both the courts and the Trademark Office have confirmed that fraud in connection with a trademark application can in appropriate cases be found based on either a material misstatement or a material omission. *See, e.g., Maids to Order of Ohio Inc. v. Maid-to-Order Inc.,* 2006 WL 936993, 78 U.S.P.Q.2d 1899, 1905 (T.T.A.B. 2006) (Trademark Trial and Appeal Board holding that fraud "involves a willful withholding from the Patent and Trademark Office by an applicant or registrant of material information or fact"); *see also Daesang Corp. v. Rhee Bros.,* 2005 U.S. Dist. LEXIS 9066, 77 U.S.P.Q.2d 1753, 1760 (D. Md. 2005) ("It is well established that an applicant for a registration of a trademark has a duty of candor in his communications with the PTO."); *T.A.D. Avanti, Inc. v. Phone-Mate, Inc.,* 1978 U.S. Dist. LEXIS 19572, 199 U.S.P.Q.

648, 655-56 (C.D. Cal. 1978) (finding duty to make disclosure of facts that would bear on registrability).

Third, OSE mis-cites the one authority on which it relies that relates to a statement of "substantially exclusive and continuous use" under section 2(f), namely *L.D. Kichler Co. v. Davoli, Inc.,* 192 F.3d 1349 (Fed. Cir. 1999). In *Kichler,* the Federal Circuit reversed a grant of summary judgment holding a registration invalid for fraud in connection with a 2(f) statement when there was evidence of "at least three other companies," including the defendant, using the mark. 192 F.3d at 1531. The Federal Circuit, however, reaffirmed that "when the record shows that purchasers are confronted with more than one (let alone numerous) independent users of a term or device, an application for registration under Section 2(f) cannot be successful," 192 F.3d at 1352, quoting *Levi Straus & Co. v. Genesco, Inc.,* 742 F.2d 1401, 1403 (Fed. Cir. 1984), and reversed for trial because there was a material issue of fact regarding whether the other companies' use was "inconsequential or infringing." 192 F.3d at 1352. Here, ***OSE presented no evidence at trial that any of the uses by many other parties of "onsite energy" was either "inconsequential" or "infringing."*** Thus, the *Kichler* decision confirms the viability of MTU's fraud claim based on the facts presented at trial and is of no help to OSE.

For the foregoing reasons, MTU respectfully requests that the Court give MTU's proposed revised charge regarding MTU's fraud claim.

DATED: August 4, 2012                    Respectfully submitted,

By:   s/ Kathleen E. McCarthy
Kathleen E. McCarthy (KM-9219)
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
212-556-2345
kmccarthy@kslaw.com
*Attorneys for Defendant*
MTU ONSITE ENERGY CORP.

# EXHIBIT A

MTU'S REVISED REQUEST TO CHARGE
REGARDING FRAUD IN PROCUREMENT


FRAUD IN PROCUREMENT

Defendant claims that Plaintiff obtained its service mark registration through fraud on the Patent and Trademark Office.

To succeed on this [~~defense~~] <u>claim</u>, Defendant must prove by clear and convincing evidence that Plaintiff <u>knowingly</u> made material misrepresentations and/or <u>knowingly</u> failed to disclose material information to the Patent and Trademark Office, with the intent to deceive the Patent and Trademark Office.

Information that was misrepresented is "material" if it influenced the Patent and Trademark Office's decision to register the mark.

Information that was withheld is "material" if it would have caused the Patent and Trademark Office not to register the mark had the information been disclosed.

<u>For purposes of Defendant's claim of fraud, you may find that Plaintiff acted "knowingly" if a representative of Plaintiff actually knew the relevant facts or if that representative acted with willful</u>

<u>blindness to the relevant facts.  A person acts with "willful blindness" when a person takes deliberate action to avoid learning of relevant facts.  It is not enough that the person was negligent in that he or she "should have known" of the relevant facts.  It is also not enough if you find that the person knew of the facts and recklessly disregarded them.  To find willful blindness, you must find that the person took deliberate action to avoid learning of the relevant facts.</u>

<u>Direct evidence that a person acted with intent to deceive the Patent and Trademark Office is not required.  You may infer such intent from all the evidence, including indirect and circumstantial evidence, provided that the evidence is clear and convincing.  You may find that a person acted with intent to deceive if you find that the person made a conscious effort to obtain a registration to which he or she knew the applicant was not entitled.</u>

Again, to succeed on a fraud [~~defense~~] claim, Defendant needs to show fraud by clear and convincing evidence.  I have already instructed you on the "clear and convincing" evidence standard.

CERTIFICATE OF SERVICE

This is to certify that the foregoing DEFENDANT MTU'S PROPOSED REVISED CHARGE ON FRAUD was electronically served by filing in the Court's CM/ECF system, which will automatically send email notification of such filing upon the following counsel of record:

> Kurt N. Jones
> Woodard Emhardt Moriarty McNett & Henry LLP
> 111 Monument Circle, Suite 3700
> Indianapolis, IN 46204
> kjones@uspatent.com
>
> Jonathan Sinnreich
> Annalee Cataldo-Barile
> Sinnreich Kosadoff & Messina
> 267 Carleton Avenue, Suit 30 I
> Central Islip, NY 11722
> abarile@skmlaw.net

This 4th day of August, 2012.

                                                s/ Kathleen E. McCarthy