Kathleen E. McCarthy (KM-9219)
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036-4003
Tel: (212) 556-2100
Fax: (212) 556-2222
kmccarthy@kslaw.com
Attorneys for Defendant
MTU ONSITE ENERGY CORP.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND DIVISION

| | |
|---|---|
| ON SITE ENERGY COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 2:10-cv-01671-JS-WDW |
| v. | ) ) ) |
| MTU ONSITE ENERGY CORP., | ) ) |
| Defendant. | ) ) ) |

### DECLARATION OF KATHLEEN E. McCARTHY IN SUPPORT OF DEFENDANT MTU ONSITE ENERGY'S BILL OF COSTS

I, Kathleen E. McCarthy, declare as follows:

1.  I am a member of the bar of the State of New York and a partner with the law firm of King & Spalding LLP. I represent the defendant MTU Onsite Energy Corp. ("MTU") in the captioned case and submit this declaration in support of MTU's Bill of Costs, seeking an award of costs in the amount of $31,023.51.

2. I make this declaration based on my own personal knowledge. The statements in this declaration are based upon my review of our firm's accounting records and litigation records and my work in connection with this matter since July 2010 when King & Spalding was retained to represent MTU. If called to testify as to the truth of the matters stated herein, I could and would do so competently.

3. This case was filed in 2010. Trial commenced on July 30, 2012 and concluded on August 6, 2012.

4. On August 28, 2012, this Court entered Final Judgment in this matter (Dkt. 101). As reflected in the Final Judgment, MTU prevailed; Plaintiff On Site Energy Company, Inc. ("OSE") recovered none of the relief it sought. Accordingly, MTU is entitled to seek recovery of costs pursuant to 28 U.S.C. §§ 1821, 1920, 1923, Federal Rule of Civil Procedure 54, Local Civil Rule 54.1, and relevant authority.

5. The costs included in MTU's Bill of Costs are correctly stated and were necessarily incurred in this action. Further, the items in MTU's Bill of costs are fairly attributable to the claims asserted by OSE in this litigation and are recoverable by MTU under 28 U.S.C. § 1920 and relevant authority.

6. The first dollar amount listed on MTU's Bill of Costs is the total fees paid to court reporters for all or any part of the transcripts necessarily obtained for use in the case, namely $30,092.76. This includes the costs of the originals, where applicable, and copies of deposition transcripts for depositions that were either used at trial or were used in connection with substantive motions as noted below and as such are allowable under Local Civil Rule 54.1. Included within the transcript costs for some of the depositions are the costs for copies of the

accompanying videos. As demonstrated by the use of video to present deposition testimony at trial by both parties, it was reasonable and necessary to obtain copies of the video in addition to written transcripts. This figure also includes the costs paid to the Official Court Reporter for the trial transcript, which was received by Defendant on a daily basis along with "Realtime" service. With respect to the added costs for daily transcripts and Realtime service for the trial transcript, Defendant submits that these services were necessary to try the case. There were twenty witnesses over the course of the six day trial and the daily and Realtime services were used to clarify what was admitted in evidence, what was testified to on key points in dispute, to make Rule 50 motions, to draft and propose changes to the jury charge and to draft and finalize closing statements. Further, upon information and belief, plaintiff had the benefit of the higher costs paid by Defendant for these additional services because plaintiff was then able to secure the transcript, once published to Defendant at expedited rates, at the normal copy rate on an expedited basis but without sharing in any expedited costs. Submitted herewith as Exhibits A through Q are true and correct copies of the invoices for these costs. The specific transcript costs sought are as follows:

| Exhibit | Description of Transcript | Amount |
| --- | --- | --- |
| A | Cost of copy of deposition of Robert Hafich taken by plaintiff and used at trial on July 31, 2012 | 491.05 |
| B | Cost of copy of deposition of Gunter Leininger taken by plaintiff and used at trial on August 2, 2012 | 640.80 |
| C | Cost of original and copy of deposition of Patrick French taken by defendant and used in Daubert Motion (Dkt 44) on May 29, 2012 and Motion in Limine (Dkt 66) on July 16, 2012 | 2,354.00 |

| Exhibit | Description of Transcript | Amount |
|---|---|---|
| D | Cost of original and copy of deposition of Irvin French taken by defendant and used in Daubert Motion (Dkt. 44) on May 29, 2012, Pretrial Brief on July 23, 2012 (Dkt. _) and at trial on Aug, 3, 2012 | 2,240.18 |
| E | Cost of original and copy of deposition of Joseph Meola taken by defendant and used in Daubert Motion (Dkt. 44) on May 29, 2012 | 2,093.01 |
| F | Cost of original and copy of deposition of Robert Schlegel taken by defendant and used in Daubert Motion (Dkt 44) on May 29, 2012 | 1,531.02 |
| G | Cost of copy of deposition of James Irvin taken by plaintiff and used in Daubert Reply Brief (Dkt 48) on June 22, 2012 and in Motion in Limine (Dkt 66) on July 16, 2012 | 426.66 |
| H | Cost of copy of deposition of Perry Pistone taken by plaintiff and used at trial on July 31, 2012 | 313.90 |
| I | Cost of copy of deposition of Andy Hudson taken by plaintiff and used at trial on July 31, 2012 | 416.48 |
| J | Cost of copy of deposition of Eldon Howard taken by plaintiff and used in Motion in Limine (Dkt 66) on July 16, 2012 | 106.79 |
| K | Cost of copy of deposition of Sarah Roxworthy taken by plaintiff and used in Motion in Limine (Dkt 66) on July 16, 2012 | 238.26 |
| L | Cost of copy of deposition of Jim Moran taken by plaintiff and used in Motion in Limine (Dkt 66) on July 16, 2012 | 461.16 |
| M | Cost of copy of deposition of Tom Mazacek taken by plaintiff and used in Motion in Limine (Dkt 66) on July 16, 2012 | 292.50 |
| N | Cost of copy of deposition of Mark Zindel taken by plaintiff and used in Motion in Limine (Dkt 66) on July 16, 2012 | 252.80 |
| O | Cost of copy of deposition of Al Prosser taken by plaintiff and used at trial on July 31, 2012 | 361.20 |

| Exhibit | Description of Transcript | Amount |
|---|---|---|
| O | Cost of copy of deposition of Krista Ahlers taken by plaintiff and used at trial on July 31, 2012 | 1,110.15 |
| P | Cost of copy of transcript of Trial Dates July 30, 2012 to August 6, 2012 (includes "Realtime") | 16,762.80 |

7. The second dollar amount listed on MTU's Bill of Costs is fees for non-party witnesses, namely, $619.25. The attendance, subsistence and mileage costs noted are those allowed under 28 U.S.C. § 1821 and are not the actual amounts incurred by the third party witnesses, which were greater than those listed. Days of witness fees claimed for defendant's survey expert Mr. Simonson include one day on which he attended trial to assist in connection with the cross-examination of, and to hear the trial testimony presentation of, plaintiff's survey expert.

8. The third dollar amount listed on MTU's Bill of Costs is the cost for reproducing one set of the exhibits that were admitted into evidence, namely $291.50. There were 1166 pages of exhibits admitted into evidence and the costs sought are for one copy of those exhibits at a rate of $.25 per page. The actual costs incurred for reproduction of exhibits was considerably higher as many proposed exhibits were not admitted into evidence, many exhibits were in color and duplicate sets were made, including sets required by the Court's individual rules.

9. Additional items in the nature of reasonable and necessary expenses incurred by MTU were sought in connection with MTU's pending Motion for Attorneys Fees (Dkt 102).

MTU reserves the right to request that the Court award such additional expenses as costs if they are not awarded as part of a fee award.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on September 27, 2012
New York, New York

                                                  s/Kathleen E. McCarthy
                                                  Kathleen E. McCarthy

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2012, a true and correct copy of the foregoing **DECLARATION OF KATHLEEN E. MCCARTHY** with related exhibits was electronically served by filing in the Court's CM/ECF system, which will automatically send email notification of such filing upon the following counsel of record:

> Kurt N. Jones
> Woodard Emhardt Moriarty McNett & Henry LLP
> 111 Monument Circle, Suite 3700
> Indianapolis, IN 46204
> kjones@uspatent.com
>
> Jonathan Sinnreich
> Annalee Cataldo-Barile
> Sinnreich Kosadoff & Messina
> 267 Carleton Avenue, Suit 30 I
> Central Islip, NY 11722
> abarile@skmlaw.net

 s/Kathleen E. McCarthy
 Kathleen E. McCarthy